IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ALFONSO BRUCE,**

    **Plaintiff,**

**v.**

**RICKY PERRY, Individually and in his
official capacity as Police Officer for the
City of East St. Louis, ANDRE HENSON,
Individually and in his official capacity as
Police Officer for the City of East St. Louis, and
THE CITY OF EAST ST. LOUIS, ILLINOIS, a
municipal corporation,**

    **Defendants.**　　　　　　　　　　　　　　**Case No. 03-cv-558-DRH**

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Before the Court Defendants' Motion in Limine (Doc. 38), to which Plaintiff filed an opposing Response (Doc. 40), and the issues are now ripe for determination. Defendants have raised twelve separate evidentiary items for which they seek an Order in Limine barring Plaintiff, Plaintiff's attorney or any of Plaintiff's witnesses from testifying, mentioning or in any way making references to these items. The Court will address each item in the same numerical order as they appear in Defendants' Motion.

## II. ANALYSIS

**1.     Amount of Force Used While Arresting Plaintiff**

Defendants seek to bar testimony and reference implying that the police were obligated to use the "*least*" amount of force necessary while placing Plaintiff under arrest, explaining that this would "misstate the legal standard" (Doc. 38, pp. 1-2, emphasis in original). However, Defendants concede that it would be appropriate to allow questioning as to whether officers could have used a lesser form of force under the particular circumstances of this case. Plaintiff objects in that this restriction would limit his ability to meet his burden of proof regarding his excessive force claim against the defendant officers, as the jury instructions would ultimately provide the applicable legal standard of force to be used by officers (Doc. 40, p. 1).

Whether a Police Officer has used excessive force in the context of an arrest or investigatory stop of a free citizen is analyzed pursuant to the objective reasonableness standard of the Fourth Amendment. ***Graham v. Connor*, 490 U.S. 386, 394 (1989)**. In other words, this must be viewed "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," considered "in light of he facts and circumstances" confronting the arresting officers during the arrest but not their "underlying intent or motivation." ***Id.* at 396-97;** *see also* ***Tibbs v. City of Chicago*, 469 F.3d 661, 665 (7th Cir. 2006)(citing *Graham*, 490 U.S. at 396-97)**. Hence, the applicable legal standard is "objectively reasonable" use of force, not the "*least*" amount of force, although a jury may

ultimately conclude it would have been reasonable to use a lesser amount of force. Therefore, Defendants are correct in asserting that implying that officers were required to use the least amount of force necessary somewhat misinterprets the applicable standard. Plaintiff's burden is to show the defendant officers' use of force while arresting Plaintiff was not objectively reasonable. In so doing, Plaintiff may certainly inquire as to whether less force could have been used while placing Plaintiff under arrest, however, Plaintiff may not misconstrue the legal standard that the defendant officers were required, by law, to use the *least* amount of force necessary while placing Plaintiff under arrest. Defendants' Motion in Limine with regarding to the applicable legal standard for excessive force is **GRANTED**.

**2.    Plaintiff's Prior Arrests and/or Interactions With Police**

Defendants next seek to bar any evidence or argument that Plaintiff had always been cooperative when previously interacting with police and did not resist arrest on prior occasions, based upon lack of relevance. Alternatively, if Plaintiff is allowed to introduce such evidence, Defendants request they be allowed to introduce evidence of Plaintiff's 1989 felony conviction for aggravated battery and armed violence (Doc. 38, p. 2). In his Response, Plaintiff states that he does not intend to put forth such evidence or argument, but if he did, he acknowledges it would open the door for Defendants to introduce evidence regarding the same events. However, Plaintiff objects to Defendants' alternate request that they be allowed to introduce evidence of Plaintiff's 1989 felony conviction, as it would be irrelevant, immaterial and highly prejudicial (Doc. 40, pp. 1-2).

In considering the parties' respective arguments, the Court finds evidence or argument regarding Plaintiff's prior arrests and/or interactions with the police is irrelevant to the issues in this suit. As such, Defendants' Motion in Limine in this regard is **GRANTED** and such evidence will be barred.

**3.    Legality of Stopping and Arresting Plaintiff**

As this is an excessive force case and does not concern the constitutionality of the defendant officers' right to stop and arrest Plaintiff, Defendants assert that any evidence or argument showing that there was no right to stop and/or arrest Plaintiff would be prejudicial and serve to confuse the jury (Doc. 38, p. 2). Objecting, Plaintiff claims that this type of evidence is directly relevant and material to Plaintiff's claims for false arrest, malicious prosecution and punitive damages (Doc. 40, p. 2). Taking both arguments into consideration, the Court must presently **DENY** Defendants' Motion in Limine in this regard, leaving the determination of relevancy for trial. During trial, if Plaintiff attempts to introduce such evidence, Defendants may restate their objection, at which time, the Court will hear the parties' arguments and determine whether to allow such evidence.

**4.    Plaintiff's Acquittal**

Defendants seek to bar evidence relating to Plaintiff's acquittal on the charges for which he was arrested, objecting that it is non-excepted hearsay and irrelevant (Doc. 38, p. 2, citing **United States v. Jones, 808 F.2d 561 (7th Cir. 1986)**). Plaintiff opposes such a limitation, arguing that evidence of his acquittal is

relevant and material in order to meet his burden of proof regarding his malicious prosecution claim (Doc. 40, p. 2).

A claim for malicious prosecution in Illinois requires Plaintiff to allege: (1) he was subject to judicial proceedings; (2) there was a lack of probable cause for these proceedings; (3) defendants initiated these proceedings maliciously; (4) the proceedings terminated in his favor; and (5) he was injured or suffered damages as a result of the proceedings. **Reed v. Doctor's Assoc., Inc., 355 Ill. App. 3d 865, 873, 824 N.E.2d 1198, 1204, 291 Ill. Dec. 948, 955 (5th Dist. 2005)(citations omitted)**. Defendant cites to case law stating that evidence of acquittal constitutes irrelevant hearsay, those cases were not dealing with such evidence in the context of a malicious prosecution claim. Although prevailing on a claim of malicious prosecution does not require Plaintiff to show he was acquitted on the merits to demonstrate that the proceedings were terminated in his favor, "an acquittal is clearly sufficient to show favorable termination". **See Logan v. Caterpillar, Inc., 246 F.3d 912, 926 (7th Cir. 2001); see also Gray v. Burke, 466 F. Supp. 2d 991 (N.D. Ill. 2006)(citing Velez v. Avis Rent A Car System, Inc., 721 N.E.2d 652, 655 (Ill. Ct. App. 1999))**. Considering it is Plaintiff's burden to establish the elements of his malicious prosecution claim, barring Plaintiff from introducing evidence to meet one of these elements would be nonsensical. Therefore, Defendants' Motion in Limine in this regard is **DENIED**.

**5.	Right to Stop**

Defendants also move to bar any argument or inference that the police did not have a right to stop Plaintiff for questioning or to ask for his identification, as such conduct is appropriate under both federal constitutional and Illinois statutory law (Doc. 38, p. 3). Conversely, Plaintiff argues that the defendant officers' reasoning for initially stopping and questioning Plaintiff is relevant and material, going to the heart of the issue of whether their actions were reasonable (Doc. 40, p. 2). In light of the parties' arguments, the Court **GRANTS** Defendants' Motion in Limine in this regard, the operative word of their limiting request being "any." Accordingly, Plaintiff may not argue or infer that the defendant officers did not have "*any*" right to stop and question Plaintiff.

**6.	Disciplinary Actions**

Another item Defendants seek to bar is evidence relating to disciplinary actions taken against Officer Ricky Perry or Officer Andre Henson taken at any time for something other than incidents involving the use of force (Doc. 38, p. 3). Plaintiff objects, arguing this evidence is relevant and material to meet his burden of proof on his claims against the City of East St. Louis to show its practice or custom of inadequately training, supervising or disciplining its officers (Doc. 40, pp. 2-3). The Court finds Defendants' argument prevails and thus, **GRANTS** the Motion in Limine, thereby barring the introduction of evidence or testimony relating to any disciplinary actions taken against Officer Perry or Officer Henson which did not relate to use of

force or any arrest procedure, as such is found to be irrelevant, prejudicial to Defendants and likely to confuse the jury.

**7.     Citizen Complaints**

Similarly, Defendants seek to bar evidence or testimony relating to citizens' complaints or any investigation thereof, stating it is hearsay, irrelevant and without proper foundation (Doc. 38, p. 3). Plaintiff objects, arguing this evidence is also necessary to meet his burden to show the City developed an inadequate custom or practice of supervising, training or disciplining its officers (Doc. 40, p. 3). Currently, the Court is not in a position to rule on such a broad and vague request. This portion of Defendants' Motion is only two sentences long and thus fails to adequately describe the exact evidence it seeks to limit or why it would constitute irrelevant hearsay. Therefore, the Court hereby **DEFERS ITS RULING**. During trial, if Plaintiff seeks to introduce such evidence, Defendants can reassert their objection and the Court will rule after hearing the parties' arguments and considering the evidence Plaintiff seeks to introduce.

**8.     Rumors**

In their Motion, Defendants seek to bar any evidence or testimony concerning rumors that any of the officers involved (Officers Vincent Anderson, Andre Henson and Ricky Perry) are generally known to be "bullies on the street," or that can be violent with the public, as it amounts to hearsay, lacks foundation, is irrelevant and prejudicial (Doc. 38, p. 4). Plaintiff does not object to Defendants'

request, but states that should Defendants "open the door" by introducing any evidence regarding the Officers' character or reputation, Plaintiff should be allowed to introduce this rumor evidence as rebuttal (Doc. 40, p. 3). As the parties are in agreement, Defendants' Motion in Limine in this regard is **GRANTED**, but with the caveat that if Defendants introduce character or reputation evidence for these three officers, Plaintiff may introduce appropriate and admissible rebuttal evidence.

9.   **Nicknames**

Defendants seek to bar evidence, testimony or other reference to Officer Perry as "Pretty Ricky" (Doc. 38, p. 4). Plaintiff has no objection to Defendants' request, but also states that if evidence of prior citizen complaints refer to him Officer Perry as "Pretty Ricky," such evidence should not be rendered inadmissible simply because of this reference (Doc. 40, p. 3). Due to the fact that the parties are in agreement, Defendants' Motion in Limine in this regard is **GRANTED**, barring all evidence, testimony or reference to defendant Officer Perry as "Pretty Ricky." Should evidence be introduced containing that reference, it shall be redacted accordingly, the extent of the redaction to be determined by the Court during trial.

10.   **Specifics of Plaintiff's Alleged Assault**

Defendants seek to bar testimony or evidence regarding the specifics of the alleged assault upon Plaintiff, such as whether Plaintiff may have been hit with a baton, flashlight or punched, as no one witnessed the alleged assault and such evidence would be speculative (Doc. 38, p. 4). Plaintiff objects, stating that contrary

to Defendants' assertions, both he and his wife have provided first-hand deposition testimony that he was hit by the defendant officers with their fists and kicked in the face, so this constitutes competent, relevant and material evidence (Doc. 40, p. 3). The Court finds that if there is evidence of specifically how Plaintiff was assaulted, it would appear to be other than speculative. Therefore, Defendants' Motion in Limine in this regard is **DENIED**. However, the Court cautions the parties that it will not permit speculative testimony from lay witnesses.

**11.   Lay Witness Evidence**

Defendants also seek to bar evidence and testimony from lay witnesses that the East St. Louis Police Department and/or its officers are known for using excessive force or that the Department fails to properly supervise its officers as such testimony lacks foundation and constitutes hearsay (Doc. 38, p. 4). Plaintiff does not object, stating that he does not intend to introduce such lay witness testimony, but clarifying that he does intend to introduce testimony from current and former officers of the Department, all of whom have been identified in the Final Pretrial Order as "expert witnesses" (Doc. 40, p. 3). As there is no objection, Defendants' Motion in Limine in this regard is **GRANTED**, the Court also noting that any "expert witness" testimony in this regard must have the proper foundation to be admissible.

**12.   Delbert Marion**

Lastly, Defendants seek to bar testimony from Delbert Marion that Officers Perry and Henson often could not affect an arrest without use of force and

that there were complaints against the defendant officers regarding their use of excessive force, arguing such testimony amounts to hearsay and lacks foundation (Coc. 38, p. 5). Plaintiff objects, asserting that Marion's deposition testimony clearly shows he has first-hand knowledge of these matters and would therefore provide competent testimony (Doc. 40, pp. 3-4). The Court will **DEFER RULING** until the issue arises at trial, at which point, Defendants may reassert their objection. Marion's testimony, if Plaintiff establishes the proper foundation, will be allowed, but if the foundation is lacking, it will be barred.

### III.  CONCLUSION

Defendants' Motion in Limine (Doc. 38) is hereby **GRANTED IN PART, DENIED IN PART AND DEFERRED IN PART**. Specifically, Plaintiff is **barred** from introducing evidence, testimony or other reference to the following:

1. Plaintiff may not misconstrue the legal standard that the defendant officers were required, by law, to use the *least* amount of force necessary while placing Plaintiff under arrest, as the appropriate standard requires use of "objectively reasonable" force;

2. Plaintiff's prior arrests and/or interactions with the police;

3. That the defendant officers did not have "*any*" right to stop and question Plaintiff;

4. Any disciplinary actions taken against Officer Perry or Officer Henson which did not relate to use of force or any arrest procedure;

5. Any evidence or testimony concerning rumors that any of the officers involved (Officers Vincent Anderson, Andre Henson and Ricky Perry) are generally known to be "bullies on the street," or

    that can be violent with the public; however, if Defendants introduce character or reputation evidence for these three officers, Plaintiff may introduce appropriate and admissible rebuttal evidence;

6.  That defendant Officer Perry was sometimes called "Pretty Ricky," unless such is referenced in an admissible document, at which time the Court will determine the extent of redaction of that evidentiary item; and

6.  Testimony from any lay witness that the East St. Louis Police Department and/or its officers are known for using excessive force or that the Department fails to properly supervise its officers.

Additionally, the Court hereby **defers ruling** on the following matters until the issues arise during trial:

1.  Whether Plaintiff can introduce evidence and/or testimony regarding Citizen Complaints; and

2.  Whether to allow Marion Delbert's testimony that Officers Perry and Henson often could not affect an arrest without use of force and that there were complaints against the defendant officers regarding their use of excessive force.

**IT IS SO ORDERED**.

Signed this 5th day of September, 2007.

            /s/  DavidRHerndon
            **United States District Judge**