IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ALFONSO BRUCE,**

    **Plaintiff,**

v.

**RICKY PERRY, Individually and in his
official capacity as Police Officer for the
City of East St. Louis, ANDRE HENSON,
Individually and in his official capacity as
Police Officer for the City of East St. Louis, and
THE CITY OF EAST ST. LOUIS, ILLINOIS, a
municipal corporation,**

    **Defendants.**         Case No. 03-cv-558-DRH

## MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

Before the Court Plaintiff's Motion in Limine (Doc. 42), to which Defendants have filed their opposing Response (Doc. 44), and the issues are now ripe for determination. Plaintiff raises four separate evidentiary items for which he seeks an Order in Limine prohibiting Defendants' counsel from introducing, mentioning, referring to or discussing any of the four addressed items through the examination of witnesses, exhibits or remarks regarding these items. The Court will address each item in the same numerical order as they appear in Plaintiff's Motion.

## II. ANALYSIS

**1.   Plaintiff's Arrests, Criminal Charges or other Incidents**

Plaintiff seeks to bar evidence regarding any arrests of Plaintiff, criminal charges filed against Plaintiff or other incidents involving Plaintiff and law enforcement officers, arguing this would be irrelevant and immaterial evidence and highly prejudicial to Plaintiff (Doc. 42, p. 1, citing **FEDERAL RULE OF EVIDENCE 404(a) and (b)**).  Defendants object, stating that Plaintiff's "long standing history with law enforcement" will aid in showing how Plaintiff acted when the defendant officers stopped him and subsequently placed him under arrest (Doc. 44, pp. 1-2, citing **FED. R. EVID. 404(b)**).

As the Court previously ruled in its Order (Doc. 45) regarding Defendants' Motion in Limine (Doc. 38), evidence or argument regarding Plaintiff's prior arrests and/or interactions with the police is irrelevant to the issues in this suit and thus will be barred from trial.  This will also apply for Plaintiff's prior criminal charges as well as his arrests, charges or other interaction with police subsequent to the incident at issue in this case.  Accordingly, Plaintiff's Motion in Limine in this regard is **GRANTED**.

**2.   Prior Convictions**

Plaintiff also seeks to bar impeachment evidence of his 1986 felony conviction for delivery of cannabis and/or 1989 felony conviction for aggravated battery and armed robbery, as being inadmissible pursuant to **FEDERAL RULE OF**

**EVIDENCE 609(b)** (Doc. 42, p. 2).  Defendants object, stating that this evidence would substantiate that Plaintiff is prone to violence and so this it is more probative than prejudicial (Doc. 44, p. 2).  **Rule 609(b)**, dealing with the admissibility of impeachment evidence, states, in pertinent part:

> [E]vidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or the release . . . which ever is the later, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

**FED. R. EVID. 609(b)**.

In this case, the convictions at issue are more than 10 years old and Defendants have not provided evidence that Plaintiff was released from custody within ten years of the trial.  For this reason and because the Court further finds that the probative value would not outweigh the prejudicial effect it would have upon Plaintiff's case, Plaintiff's Motion in Limine in this regard is **GRANTED**.  Defendants are barred from introduction of evidence or other reference to either Plaintiff's 1986 felony or 1989 felony convictions.

3.   **Alcohol and Serum Test**

Plaintiff seeks to bar evidence or other reference which would imply he was intoxicated at the time of the incident giving rise to his claims.  He also seeks to bar introduction or reference to the results of a serum alcohol test administered to Plaintiff while in the emergency room on the night of the incident, stating such evidence would require expert testimony and Defendants have not disclosed any

expert witnesses. Further, Plaintiff believes as there is no other independent evidence of his alleged intoxication, it would invite jurors to speculate, resulting in undue prejudice to Plaintiff (Doc. 42, p. 2). Defendants object, arguing that barring this evidence will prevent them from presenting their defense. They further argue that both Officers Perry and Hanson can testify, based on their experience and personal observations of Plaintiff the night of the incident, that Plaintiff was intoxicated and therefore, such evidence should be admissible as it is more probative than prejudicial (Doc. 44, pp. 2-3).

Considering the parties' respective arguments, the Court hereby **DENIES** Plaintiff's Motion in Limine in this regard, but only to the extent Defendants are able to establish the relevance of this evidence at trial. Otherwise, this evidence will either not be permitted or will be stricken upon objection and/or motion by Plaintiff during trial.

### 4.   Collateral Sources

Lastly, Plaintiff seeks to bar Defendants from introducing evidence or referring to the payment of Plaintiff's medical expenses, his health insurance or any other collateral sources (Doc. 42, p. 3). Defendants voice no objection in their Response and therefore, Plaintiff's Motion in Limine in this regard is **GRANTED**.

### III. CONCLUSION

Plaintiff's Motion in Limine (Doc. 42) is hereby **GRANTED IN PART AND DENIED**. Specifically, Defendants are **barred** from introducing evidence, testimony or other reference to the following:

1. Plaintiff's other arrests, criminal charges and/or interactions with the police;

2. Plaintiff's 1986 felony conviction for delivery of cannabis and/or 1989 felony conviction for aggravated battery and armed robbery; and

3. Plaintiff's medical expenses, his health insurance or any other collateral sources.

**IT IS SO ORDERED**.

Signed this 6th day of September, 2007.

                                                /s/      DavidRHerndon
                                            **United States District Judge**